UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES              *
For the use and benefit of
UNITED SHEET METAL, INC.     *
51 Ritchie Road
Capitol Heights, Maryland 20743    *

        Plaintiff,                 *

         v.                      *     Case No.
                                 JUDGE:
COAKLEY & WILLIAMS         *
CONSTRUCTION, INC.
16 South Summit Avenue        *
Suite 300
Gaithersburg, Maryland 20877    *

SERVE:                     *
     HIQ Corporations Services, Inc.
     1030 15th Street, NW, Suite 920      *
     Washington, DC 20005
                                 *
and
                                 *
AMERICAN HOME
ASSURANCE COMPANY         *
80 Pine Street
New York, New York 10005       *

SERVE:                     *
     Insurance Commissioner
     810 1st Street, N.E., Suite 701       *
     Washington, D.C. 20002
                                 *
       Defendants.
*   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT

Plaintiff, United Sheet Metal, Inc., by undersigned counsel, files this Complaint against Defendants Coakley & Williams Construction, Inc. and American Home Assurance Company and, as grounds therefore, states as follows:

1. Plaintiff United Sheet Metal, Inc. (hereinafter referred to as "USM"), is a Maryland corporation with its principal place of business in Capitol Heights, Maryland. Plaintiff is engaged in the business of HVAC ductwork installation and contracting.

2. Upon information and belief, Defendant Coakley & Williams Construction, Inc. ("Coakley") is a Maryland corporation with its principal place of business in Greenbelt, Maryland. Coakley is engaged in the business of general contracting. Coakley conducted business in the District of Columbia as the general contractor on the project that this action arises from. Coakley is subject to the jurisdiction of this Court.

3. Upon information and belief, Defendant, American Home Assurance Company (hereinafter referred to as "American"), is a New York corporation with its principal place of business in New York, New York. American is the surety on a labor and material payment bond provided by Coakley on the project that is the subject of this action. American is subject to the jurisdiction of this Court.

4. This Court has subject matter jurisdiction pursuant to the Miller Act, 40 U.S. C. §270, *et seq.* Venue in this Court is proper pursuant to the Miller Act because the Federal Government construction project out of which this action arises is located in Washington, D.C.

5. The project that is the subject of this action is known as the BEQ Marine Barracks Annex and Support Facility (hereinafter referred to as the "Project"), located at 8th and I Streets, SE in Washington, D.C. The Owner of the Project is the United States Government acting by and through the The Department of the Navy (hereinafter the "Government").

6.    On or about September 26, 2001, the Government awarded Contract No. N62477-99-C-077 (the "Prime Contract") to Coakley to serve as the General Contractor for the construction work on the Project. As required by the Prime Contract, Coakley, as principal and General Contractor, provided a labor and material payment bond that guaranteed payment for labor, materials and services provided by subcontractors and suppliers on the Project. American was and is the surety on said labor and material payment bond, which is attached hereto as **EXHIBIT A**.

7.    On or about June 6, 2002, Coakley entered into a subcontract (the "Mechanical Subcontract") with The PBM Limbach Group – Mechanical (now known as Limbach Company, LLC) ("Limbach") whereby Limbach was to perform the mechanical and related work for the Project, as required by the Prime Contract.

8.    On or about August 27, 2002, Limbach entered into a sub-subcontract (the "HVAC Sub-Subcontract") with USM, whereby USM was to perform HVAC ductwork for the Project, as required the Mechanical Subcontract and the Prime Contract. A copy of the HVAC Sub-Subcontract is attached hereto as **EXHIBIT B**.

9.    During the course of the Project, USM performed certain change work and extra work, pursuant to the directives of Coakley and Limbach. To date, the unpaid value of change work performed totals $208,777. These additional costs are part of the labor, materials and services USM provided to the Project.

10.    In addition, during the course of the Project, USM's sub-subcontract work was impacted, delayed and accelerated due to causes beyond USM's control and for which USM was not responsible. As a result of the impact, delay and acceleration experienced on the Project, USM incurred additional costs totaling $763,003 (as amended) for which USM submitted a

claim. These additional costs are part of the labor, materials and services USM provided to the Project.

11. Further, during the course of the Project, retainage was withheld from USM's approved contract sums. This retainage has now been paid by the Government to Coakley who, in turn, has paid Limbach withheld retainage. Despite these facts, retainage in the amount of $155,824.20 continues to be withheld on USM for approved contract and change work. These unpaid contract sums are part of the labor, material and/or services USM provided to the Project.

12. USM has performed and completed all contract and change work required on the Project and as directed by Coakley and/or Limbach.

13. All conditions precedent for the filing of this action have been waive and/or satisfied and/or excused.

## COUNT I
### (Payment Bond Action)

14. The allegations contained in Paragraphs 1 through 13 above are incorporated by reference as though fully set forth herein.

15. This is an action against Defendants Coakley and American on the labor and material payment bond provided by them for the Project.

16. USM has complied with all conditions required under the aforesaid payment bond and the Miller Act.

17. USM last provided labor, materials and/or services for construction work on the Project within one year of the filing of this action.

18. By letter dated August 17, 2004, USM notified Coakley and its payment bond surety American that USM remained unpaid for HVAC Sub-Subcontract work performed and for labor, materials and/or services provided to the Project. Copies of said letters are attached as **EXHIBIT C**.

19. The current amount due and owing USM for HVAC Sub-Subcontract work performed and for labor, materials and/or services provided pursuant to the HVAC Sub-Subcontract totals $1,127,605.00. To date, despite demand, neither Coakley nor American for the Project has paid USM this outstanding amount due and owing.

20. Coakley and American are jointly and severally liable to USM for the claimed amount of $1,127,605.00 pursuant to the labor and material payment bond they have provided.

**WHEREFORE**, Plaintiff, United Sheet Metal, Inc., demands judgment against Defendants, Coakley & Williams Construction, Inc. and American Home Assurance Company, jointly and severally, in the amount of $1,127.605.00, plus interest, together with such other and further relief as this Court may deem appropriate.

## COUNT II
### (Restitution/Unjust Enrichment/Quantum Meruit)

21. The allegations contained in Paragraphs 1 through 20 above are incorporated by reference as though fully set forth herein.

22. This is an action, in the alternative, against Coakley and Coakley's payment bond surety for the unpaid value of labor, materials and services provided by USM in connection with the Project under the doctrines of restitution, unjust enrichment and quantum meruit.

23. Although an express contract does not exist between USM and Coakley, there still exists an implied contract for Coakley to pay USM in quantum meruit for the work performed and the labor, material and services provided in connection with the Project.

24. USM performed valuable work and provided valuable labor, material and services for Coakley, which Coakley accepted, used and enjoyed by way of receipt of payment for the account of said work by USM.

25. Coakley fully understood and was under reasonable notice that USM expected to be paid for the work, labor, materials and services USM provided in connection with the Project.

26. By failing to pay USM for the work, labor, materials and services USM provided in connection with the Project, Coakley has been unjustly enriched at USM's expense and there exist circumstances such that in good conscience Coakley should make restitution for the full value of the unpaid work, labor, materials and services USM provided in connection with the Project.

27. The reasonable value of the unpaid work performed and labor, materials and services provided by USM in connection with the Project is $1,150,100.00.

28. Under the doctrines of restitution, unjust enrichment and quantum meruit and pursuant to the terms of the payment bond provided by Coakley on which American is the surety, Coakley and American are jointly and severally liable for this unpaid value of work performed and labor, materials and services provided by USM in connection with the Project.

**WHEREFORE**, Plaintiff, United Sheet Metal, Inc., demands judgment against Defendants, Coakley & Williams Construction, Inc. and American Home Assurance Company, jointly and severally, in the amount of $1,150.100.00, plus interest, together with such other and further relief as this Court may deem appropriate.

Respectfully submitted,

**HUDDLES & JONES, P.C.**

BY: _____
Scott C. Hofer, Esquire #MD27198
5457 Twin Knolls Road
Overlook Center, Suite 304
Columbia, Maryland 21045
301-621-4120

Counsel for Plaintiff,
United Sheet Metal, Inc.

Date: 6/17/05