UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>for the use and benefit of<br>UNITED SHEET METAL, INC.<br><br>    Plaintiff,<br><br>v.<br><br>COAKLEY & WILLIAMS<br>CONSTRUCTION, INC.<br><br>and<br><br>AMERICAN HOME ASSURANCE CO.<br><br>    Defendants. | Case No.: 1:05CV01199<br>Judge: Reggie B. Walton<br><br>ORAL HEARING REQUESTED |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF
### MOTION TO DISMISS COUNT II OF THE COMPLAINT

Defendants Coakley & Williams Construction, Inc. and American Home Assurance Company submit this memorandum in support of their motion to dismiss the Complaint filed by Plaintiff United States of America for the use and benefit for United Sheet Metal, Inc. ("USM"). Defendants seek dismissal of Count II of the Complaint on the ground that the allegations fail to state a cause of action upon which relief can be granted.

### PRELIMINARY STATEMENT

This action is a Miller Act claim by a sub-subcontractor, USM, against the prime contractor (Coakley & Williams) and its payment bond surety (American Home) for non-payment of work allegedly performed on the construction of the BEQ Marine Barracks Annex and Support Facility for The Department of the Navy (the "Navy Project"). (Complaint ¶¶ 4-6).

1

Although USM does not have a contractual relationship with Coakley & Williams, it has a direct subcontract with non-party "The PBM Limbach Group—Mechanical" (now known as Limbach Company, LLC). Under the terms of the USM-Limbach Subcontract, USM was required to provide certain ductwork installation services on the Navy Project. (Complaint ¶¶ 5-8). Under Article 2 and 18 of the USM-Limbach Subcontract, USM is contractually required to submit its non-payment claims to Limbach and pursue any actions directly against Limbach. (Complaint ¶ 8, Ex. B). Accordingly, USM is presently pursuing is claims against Limbach and Limbach's two sureties in the D.C. Superior Court.

Notwithstanding the state action against Limbach and its sureties, USM has filed this two-count action against Coakley & Williams and its surety. Count I of the Complaint alleges a Miller Bond claim and Count II alleges a cause of action against the Defendants based upon the equitable theories of quasi-contract. But theories of recovery such as quantum meruit and unjust enrichment cannot be asserted when an express contract defining the rights and remedies of the parties exists. Because USM has a direct contractual relationship with Limbach for which damages may be recovered, Count II of the Complaint must be dismissed. For the reasons stated in its separate motion and memorandum in support of motion to stay, the remaining Count I should be stayed pending resolution of the lawsuit between USM and Limbach.

**ARGUMENT**

I.   **The Court should dismiss Count II (Quantum Meruit Claim) because USM has an express contract with Limbach and USM is currently seeking relief from Limbach for breach of the USM-Limbach Subcontract.**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint.  See Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002).  A court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  See Warren v. District of Columbia, 353 F.3d 36, 37 (D.C. Cir. 2004).  While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  See Warren, 353 F.3d at 39; Browning, 292 F.3d at 242.

In the present case, USM alleges in Count I the existence of an express contract in its Miller Act claim, but nonetheless alleges in Count II a quasi-contract theory of recovery in derogation of this express contract.  However, it is well recognized that the Miller Act does not furnish a cause of action in quantum meruit in disregard or derogation of the provisions of an express contract.  See, e.g., Jefferson Construction Co. v. United States for Use and Benefit of Bacon, 283 F.2d 265 (1st Cir. 1960), cert. denied, Bacon v. Jefferson Const. Co., 365 U.S. 835, 81 S. Ct. 748, 5 L. Ed. 2d 744 (1961);  cf. United States for Use and Benefit of Harkol, Inc. v. Americo Construction Co., 168 F. Supp. 760 (D.Mass.1958).  This is fully consistent with the laws of a majority of the states and federal courts, which hold that quasi-contractual claims of unjust enrichment and quantum meruit are barred when there exists a valid contract governing the claims.  See, e.g., County Commissioners v. J. Roland Dashiell & Sons, 358 Md. 83, 96, 747

A.2d 600, 607 (Md. 2000) (stating the "universal" rule in both federal and state court that "no quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests")[1]; Bloomgarden v. Coyer, 479 F.2d 201, 210 (D.C. Cir. 1973) ("There is, of course, no need to resort to [quasi contract] when the evidence sustains the existence of a true contract, either express or implied in fact.").

In the present case, USM concedes that it has an express subcontract with Limbach to provide HVAC ductwork for the Navy Project. (Complaint ¶¶ 5-8). Payment for work performed by USM is governed by Article 2 of USM-Limbach Subcontract. (Complaint ¶ 8, Ex. B). Disputes are governed by Article 18. (Complaint ¶ 8, Ex. B). Based upon its contractual obligations, on June 29, 2004, USM filed a breach of contract action in D.C. Superior Court against Limbach and a payment bond action against Limbach and its sureties. (Def. Motion to Stay, Attachment 1). Because USM has a direct contractual relationship with Limbach—and has in fact sued upon that written agreement in state court—the quantum meruit claim must fail.

Additionally, the allegations as pled by USM compel a dismissal of Count II of the Complaint. In Paragraph 21, USM unambiguously avers that "[t]he allegations contained in Paragraphs 1 through 20 above are incorporated by reference as though fully set forth herein." (Complaint ¶ 21). In other words, USM expressly alleges the existence of a valid and enforceable contract with Limbach for which USM seeks compensation for work performed. USM seeks breach of contract damages in excess of $208,000 for unpaid change orders (Complaint ¶ 8), which is governed by Article 5 ("Changes in Work") of the USM-Limbach subcontract. (Complaint Ex. B). USM also seeks delay, impact and acceleration damages in

---

[1] The J. Roland decision lists over forty cases, federal and state, with almost as many parenthetical quotes in support of this general proposition. Id. at 97-100, 747 A.2d at 607-08.

excess of $763,000 in connection with its work on the Navy Project (Complaint ¶ 10), which is governed by Article 4 ("Time of Completion and Schedule") of the USM-Limbach subcontract. (Complaint Ex. B).

USM does not allege any basis to go beyond its contractual remedies, nor does it allege anything that questions the subcontract's applicability to the issues in question. There are absolutely no allegations—nor can there be any allegations—that any of the claims in Count II of the Complaint against Coakley & Williams and its surety fall outside the scope of the subcontract with Limbach. Given the fact that USM alleges the existence of an express contract with Limbach, and has proceeded directly against Limbach on that subcontract, the circumstances simply do not justify recovery in quasi-contract here. For the reasons set forth in the separation Motion to Stay, USM's claim on the Miller Bond, if valid, could proceed, if necessary, in a timely fashion after resolution of the underlying dispute between USM and Limbach.

## **CONCLUSION**

For the foregoing reasons, Defendants Coakley & Williams and American Home respectfully request that the Court dismiss Count II of the Complaint and award any further relief that may be just and proper.

**DATED:** December 30, 2005.

//

//

//

//

Respectfully Submitted,

_____/s/_____
Owen J. Shean (D.C. No. 412588)
Simon J. Santiago (D.C. No. 461742)
Matthew J. DeVries (D.C. No. 479880)
WICKWIRE GAVIN, P.C.
8100 Boone Boulevard, Suite 700
Vienna, Virginia  22182
Tel: (703) 790-8750
Fax: (703) 448-1801
Email: mdevries@wickwire.com

***Counsel for Coakley & Williams &
American Home Assurance Co.***

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Defendants' Memorandum in Support of Motion to Dismiss was mailed on this 30th day of December, 2005 to:

>Kenneth K. Sorteberg
>John H. Michel
>HUDDLES JONES SORTEBERG
>  & DACHILLE, P.C.
>5457 Twin Knolls Road
>Columbia, Maryland 21045
>Tel: (301) 621-4120
>Fax: (301) 621-4473
>*Counsel for United Sheet Metal*

_____/s/_____
Matthew J. DeVries