UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>for the use and benefit of )<br>UNITED SHEET METAL, INC. )<br>   )<br>   Plaintiff, )<br>   )<br>   ) Case No.: 1:05CV01199<br>v.   ) Judge: Reggie B. Walton<br>   )<br>COAKLEY & WILLIAMS ) ORAL HEARING REQUESTED<br>CONSTRUCTION, INC. )<br>   )<br>and )<br>   )<br>AMERICAN HOME ASSURANCE CO. )<br>   )<br>   Defendants. )<br>_____) | |

### DEFENDANTS' MEMORANDUM IN SUPPORT
### OF MOTION TO STAY PROCEEDINGS

Defendants Coakley & Williams Construction, Inc. and American Home Assurance Company submit this memorandum in support of their motion to stay these proceedings. By separate motion filed simultaneous with this request, Defendants seek dismissal of Count II of the Complaint filed by Plaintiff United States of America for the use and benefit of United Sheet Metal, Inc. ("USM"). These proceedings should be stayed pending disposition of the D.C. Superior Court proceedings currently being litigated between USM and Limbach Company, LLC ("Limbach"), the mechanical subcontractor who has an express written subcontract with USM. Limbach's sureties, United States Fidelity and Guaranty Co. ("USF&G") and American Manufacturers Mutual Insurance Co. ("AMMI"), have also been named as defendants by USM in the state action.

1

**FACTUAL BACKGROUND**

The present lawsuit involves a Miller Act claim by a sub-subcontractor, USM, against the prime contractor, Coakley & Williams, and its payment bond surety, American Home, for non-payment of work allegedly performed on a federal project. (Complaint ¶¶ 1-5). USM has no contract with Coakley & Williams, but instead has an express subcontract with non-party Limbach, who provided certain mechanical services on the project. (Complaint ¶ 8).

I.  **The Underlying Dispute on the USM-Limbach Subcontract**

According to the allegations in the Complaint, USM concedes that it has a subcontract with Limbach to provide HVAC ductwork for the construction of the BEQ Marine Barracks Annex and Support Facility for the Navy (the "Navy Project"). (Complaint ¶¶ 5-8). USM claims that it performed $208,777 in change orders that remain unpaid by Limbach. (Complaint ¶ 9). USM also alleges that it suffered $763,003 in additional damages as a result of Limbach's impacts and delays on the Navy Project. (Complaint ¶ 10). Under Articles 2 and 18 of the USM-Limbach Subcontract, USM is contractually required to submit its non-payment claims to Limbach and to pursue any actions directly against Limbach. (Complaint ¶ 8, Ex. B).

On June 29, 2004—one year before USM filed this Miller Bond claim—USM filed a lawsuit in the D.C. Superior Court against Limbach, USF&G, AMMI and others, in a case styled *United Sheet Metal, Inc. v. EFS XI, Inc. (d/b/a PBM Limbach Group, PBM Limbach Group-Mechanical and Limbach Company), Limbach Company LLC, et al.*, Case No. 0004942-4. (Attachment 1). Although USM's state action involved disputes with Limbach on two other projects, the Navy Project was the subject of four of the twelve counts alleged in that case. Counts IX and XII included a breach of contract action and a constructive trust action against

Limbach directly. Count X included a bond claim against Limbach's sureties, USF&G and AMMI. Finally, Count XI of the state action alleged a cause of action for restitution, unjust enrichment, and quantum meruit against Limbach, USF&G and AMMI. (Attachment 1).

## II. The Limbach Bond

The $7,000,000 performance bond issued by USF&G and AMMI (the "Limbach Bond")—USF&G Bond No. SX9457 and AMMI Bond No. 3S077387—was attached to the state action pleadings at Exhibit K. (Attachment 1, at Ex. K). Under the terms and provisions of the Limbach Bond, Limbach, USF&G and AMMI agreed to jointly and severally bind themselves "to [Coakley & Williams] to pay for the labor, materials and equipment furnished for the use in the performance of the Construction Contract, which is incorporated herein by reference." (Attachment 1, at Ex. K, ¶ 1). Additionally, under Paragraph 9 of the Limbach Bond, Coakley & Williams cannot be directly held liable to USM:

> [Coakley & Williams] shall not be liable for payment of any costs or expenses of any Claimant under this Bond, and shall have under this Bond no obligations to make payments to, give notices on behalf of, or otherwise have obligations to Claimants under this Bond. (Attachment 1, at Ex. K, ¶ 9).

Instead, Limbach agreed to defend, indemnify, and hold harmless Coakley & Williams for claims, demands, liens or suits by "any person or entity" who furnished labor, materials or equipment to the Project. (Attachment 1, at Ex. K, ¶ 2.2).

## III. The Status of the Underlying State Action

In the state action, the parties have conducted extensive discovery, which was closed on August 30, 2005. (Attachment 2). Pursuant to the extended scheduling order of the D.C. Superior Court, alternative dispute resolution was to occur between November 1, 2005 and

December 1, 2005. (Attachment 2). Upon information and belief, USM and Limbach have scheduled a formal mediation at the end of January 2006. In the event that the dispute is not resolved by mediation, pretrial matters in the state action are scheduled on or after January 31, 2006. (Attachment 2).

## ARGUMENT

**I.   The Court should stay this action pending resolution of the underlying dispute between USM and Limbach.**

The United States Supreme Court has held that courts have broad discretion to stay all proceedings in an action pending resolution in a proceeding currently pending in another court. Landis v. North American Co., 299 U.S. 248, 254 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." Id. at 254-55; Nat'l Shopmen Pension Fund, et al. v. Folger Adam Sec., Inc., 274 B.R. 1, 3 (D.D.C. 2002) (citing Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 879 n. 6 (1998)). Indeed, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Nat'l Shopmen, 274 B.R. at 3.

In the present case, the same claims and causes of actions are involved as in the state action pending between USM and Limbach—*i.e.,* what amounts are due to USM for work allegedly performed by USM under its subcontract with Limbach and the extent of Limbach's alleged breaches of contract for non-payment of that work. The parties in the state action have conducted substantial discovery, including written discovery, document productions and depositions. Pursuant to the rules of the D.C. Superior Court and the scheduling order entered by

that court, a trial date is expected within the next few months.  Additionally, upon information and belief, USM and Limbach have agreed to a formal mediation of their disputes in January 2006—an action that would ultimately resolve all outstanding issues and disputes alleged in the present claim against Coakley & Williams and its surety.

The extent of Limbach's liability to USM—whether formally mediated between those parties or litigated in the state court action—would determine what liability, if any, would exist against Coakley & Williams and American Home on the Miller Bond claim.  To proceed with the Miller Bond claim in Federal Court while at the same time proceeding with the state action in D.C. Superior Court would simply duplicate the efforts of the underlying parties.  "Litigating essentially the same issues in two separate forums is not in the interest of judicial economy or in the parties' best interests regarding time, cost, and effort."  Nat'l Shopmen, 274 B.R. at 3 (citing Airline Pilots Ass'n, 523 U.S. at 879 n.6).

Nor would a temporary stay of these proceedings in the interests of judicial economy prejudice any of USM's rights or claims.  Indeed, the parallel litigation will likely necessitate inclusion of other parties (Limbach, USF&G, and AMMI) in this action.  On the other hand, two concurrent suits would introduce the prospect of piecemeal litigation and the possibility of inconsistent results.  Since the state action may be resolved by mediation in January, or soon thereafter in a trial on the merits, a temporary stay pending resolution of the state action would be proper.

## **CONCLUSION**

For the foregoing reasons, the Court should enter an order staying this suit pending the resolution of the litigation in *United Sheet Metal, Inc. v. EFS XI, Inc. (d/b/a PBM Limbach Group, PBM Limbach Group-Mechanical and Limbach Company), Limbach Company LLC, et al.*, Case No. 0004942-4, and order any further relief deemed proper and just.

**DATED:** December 30, 2005.

                                              Respectfully Submitted,

                                              _____/s/_____
                                              Owen J. Shean (D.C. No. 412588)
                                              Simon J. Santiago (D.C. No. 461742)
                                              Matthew J. DeVries (D.C. No. 479880)
                                              WICKWIRE GAVIN, P.C.
                                              8100 Boone Boulevard, Suite 700
                                              Vienna, Virginia  22182
                                              Tel: (703) 790-8750
                                              Fax: (703) 448-1801
                                              Email: mdevries@wickwire.com

                                              *Counsel for Coakley & Williams &*
                                              *American Home Assurance Co.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Memorandum in Support of Motion to Stay was mailed on this 30th day of December, 2005 to:

>Kenneth K. Sorteberg
>John H. Michel
>HUDDLES JONES SORTEBERG
>  & DACHILLE, P.C.
>5457 Twin Knolls Road
>Columbia, Maryland 21045
>Tel: (301) 621-4120
>Fax: (301) 621-4473
>*Counsel for United Sheet Metal*

_____/s/_____
Matthew J. DeVries