UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>for the use and benefit of<br>UNITED SHEET METAL, INC.<br><br>    Plaintiff,<br><br>v.<br><br><br>COAKLEY & WILLIAMS<br>CONSTRUCTION, INC.<br><br>and<br><br>AMERICAN HOME ASSURANCE CO.<br><br>    Defendants. | Case No.: 1:05CV01199<br>Judge: Reggie B. Walton |

**ANSWER AND GROUNDS OF DEFENSE FOR
DEFENDANT AMERICAN HOME ASSURANCE CO.**

Defendant American Home Assurance Co. ("American Home") for its Answer and Grounds of Defense to the Complaint filed by Plaintiff United States for the use and benefit of United Sheet Metal, Inc. ("USM"), states as follows:

1. The allegations set forth in Paragraph 1 relate to another party, to which no response is required. To the extent a response is required, American Home lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

2. The allegations set forth in Paragraph 2 relate to another party, to which no response is required. To the extent a response is required, American Home lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

3. The allegations set forth in the first two sentences of Paragraph 3 are admitted. The allegation set forth in the last sentence of Paragraph 3 is a conclusion of law, to which no response is required. To the extent a response is required, American Home denies same.

4. The allegations contained in Paragraph 4 are conclusions of law, to which no response is required. To the extent a response is required, American Home denies the same.

5. The allegations set forth in Paragraph 5 are admitted.

6. American Home admits that it was and is the surety on the labor and material payment bond provided by Coakley & Williams, as referenced in Paragraph 6 of the Complaint. Both the Navy-Coakley & Williams contract and the payment bond are written documents which speak for themselves. To the extent the allegations in Paragraph 6 of the Complaint differ from the terms and conditions of the written documents, they are denied.

7. The allegations set forth in Paragraph 7 relate to a written agreement between two other parties, to which no response is required. To the extent a response is required, American Home lacks sufficient information to admit or deny the allegations, and accordingly denies the same. Additionally, the terms and conditions of the written agreement referenced in Paragraph 7 of the Complaint speak for themselves and are the best evidence thereof. To the extent the allegations in Paragraph 7 of the Complaint differ from the terms and conditions of Exhibit B, they are denied.

8. The allegations set forth in Paragraph 8 relate to a written agreement between two other parties, to which no response is required. To the extent a response is required, American Home lacks sufficient information to admit or deny the allegations, and accordingly denies the same. Additionally, the terms and conditions of the written agreement referenced in Paragraph 8 of the Complaint speak for themselves and are the best evidence thereof. To the extent the

allegations in Paragraph 8 of the Complaint differ from the terms and conditions of Exhibit B, they are denied.

9. To the extent that the allegations contained in Paragraph 9 relate to American Home, they are denied. To the extent that the allegations refer or relate to the conduct of other parties, American Home lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

10. To the extent that the allegations contained in Paragraph 10 relate to American Home, they are denied. To the extent that the allegations refer or relate to the conduct of other parties, American Home lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

11. To the extent that the allegations contained in Paragraph 11 relate to American Home, they are denied. To the extent that the allegations refer or relate to the conduct of other parties, American Home lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

12. To the extent that the allegations contained in Paragraph 12 relate to American Home, they are denied. To the extent that the allegations refer or relate to the conduct of other parties, American Home lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

13. The allegations contained in Paragraph 13 are conclusions of law, to which no response is required. To the extent a response is required, American Home denies the same.

**COUNT I**

14. American Home hereby incorporates its responses to Paragraphs 1-13 as if fully set forth herein.

15. The allegations contained in Paragraph 15 are conclusions of law, to which no response is required. To the extent a response is required, American Home denies the same.

16. The allegations contained in Paragraph 16 are denied.

17. The allegations contained in Paragraph 17 are denied.

18. The allegations contained in Paragraph 18 refer to a written document that speaks for itself. To the extent the allegations in Paragraph 18 of the Complaint differ from the written document, they are denied.

19. The allegations contained in Paragraph 19 are denied.

20. The allegations contained in Paragraph 20 are denied.

## COUNT II

21. American Home hereby incorporates its responses to Paragraphs 1-20 as if fully set forth herein.

22. The allegations contained in Paragraph 22 are conclusions of law, to which no response is required. To the extent a response is required, American Home denies the same.

23. The allegations contained in Paragraph 23 are denied.

24. The allegations contained in Paragraph 24 are denied.

25. The allegations contained in Paragraph 25 are denied.

26. The allegations contained in Paragraph 26 are denied.

27. The allegations contained in Paragraph 27 are denied.

28. The allegations contained in Paragraph 28 are denied.

**WHEREFORE** American Home hereby requests that the claims against it be dismissed in their entirety, with prejudice, plus reasonable costs, attorney's fees, charges, expenses, and interests and such further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1. The Complaint, and Count Two, fail to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred because the Court lacks subject matter jurisdiction.

3. Plaintiff's claims are barred, in whole or in part, by its failure to fulfill the mandatory conditions precedent under the payment bond at issue.

4. Plaintiff's claims are barred to the extent they exceed the penal sum of the payment bond at issue.

5. Plaintiff's claims and damages are the responsibility of other parties as asserted in Plaintiff's action styled *United Sheet Metal, Inc. v. EFS XI, Inc. (d/b/a PBM Limbach Group, PBM Limbach Group-Mechanical and Limbach Company), Limbach Company LLC, et al.*, D.C. Superior Court Case No. 0004942-4 (June 29, 2004), for which neither Coakley & Williams nor its surety are responsible or liable.

6. Plaintiff's claims are barred, in whole or in part, by its failure to fulfill mandatory conditions precedent under the prime contract, the subcontract, or the sub-subcontract, including exhausting all dispute provisions of those agreements.

7. Plaintiff's claims are barred, in whole or in part, by its material breaches of the prime contract, the subcontract, or the sub-subcontract.

8. Plaintiff's claims are barred, in whole or in part, by the express pay-when-paid provisions of the prime contract, the subcontract, or the sub-subcontract.

9. Plaintiff's claims are barred, in whole or in part, by its failure to mitigate its damages.

10. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

11. Plaintiff's claims are barred, in whole or in part, by accord and satisfaction.

12. Plaintiff's claims are barred, in whole or in part, by offset and recoupment.

13. American Home shall rely on all defenses available to its principal.

**WHEREFORE**, Defendant American Home requests that the Complaint be dismissed in its entirety with prejudice and that the Defendant be awarded its costs and such further relief as this Court may deem just and proper.

Dated: December 30, 2005

Respectfully Submitted,

____/s/_____
Owen J. Shean (D.C. No. 412588)
Simon J. Santiago (D.C. No. 461742)
Matthew J. DeVries (D.C. No. 479880)
WICKWIRE GAVIN, P.C.
8100 Boone Boulevard, Suite 700
Vienna, Virginia  22182
Tel: (703) 790-8750
Fax: (703) 448-1801
Email: mdevries@wickwire.com

*Counsel for American Homes Assurance Co.*

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing Answer of Defendant American Home was mailed on this 30th day of December, 2005 to:

          Kenneth K. Sorteberg
          John H. Michel
          HUDDLES JONES SORTEBERG
            & DACHILLE, P.C.
          5457 Twin Knolls Road
          Columbia, Maryland 21045
          Tel: (301) 621-4120
          Fax: (301) 621-4473
          *Counsel for United Sheet Metal*


\_\_\_\_/s/_____
Matthew J. DeVries