UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>for the use and benefit of<br>UNITED SHEET METAL, INC.<br><br>    Plaintiff,<br><br>v.<br><br>COAKLEY & WILLIAMS<br>CONSTRUCTION, INC.<br><br>and<br><br>AMERICAN HOME ASSURANCE CO.<br><br>    Defendants. | Case No.: 1:05CV01199<br>Judge: Reggie B. Walton<br><br>ORAL HEARING REQUESTED |

**DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

Defendants Coakley & Williams Construction, Inc. and American Home Assurance Company have sought a temporary stay of these proceedings initiated by United Sheet Metal, Inc. ("USM") because a substantial majority of the matters and claims are being litigated in D.C. Superior Court between USM and Limbach Company, LLC and its sureties. In the interests of judicial economy and to avoid duplication of litigating USM's claims, the Court should grant to stay pending resolution of the state lawsuit, which is currently scheduled for pretrial conference on February 1, 2006. (See Attachment 1).

As a preliminary matter, USM contends that the claims in the state lawsuit and the claims in the present lawsuit "are not the same" primarily because the parties are different in each lawsuit. (Opposition at 2-3). However, even a cursory review of the pleadings in the state

1

lawsuit and in the instant dispute demonstrates the true nature of USM's claim—a claim for Limbach's alleged breach of the USM-Limbach subcontract for nonpayment. To be clear, in both proceedings USM alleges the existence of an express subcontract agreement with Limbach (C&W Ex. 1 at ¶ 100; Complaint ¶ 8). In both proceedings, USM has asserted that it performed work on the Navy Project for Limbach and that Limbach failed to pay USM for the work performed. (C&W Ex. 1 at ¶¶ 103-04; Complaint ¶ 9). In both proceedings, USM has asserted that it performed additional work for Limbach and sustained additional impact and delay damages. (C&W Ex. 1 at ¶ 104; Complaint ¶ 10). The sole allegation relating to Coakley & Williams conduct is that USM performed certain change order work "pursuant to the directives of Coakley and Limbach." (Complaint ¶¶ 9 & 12). Nowhere else in its Complaint or in its opposition papers does USM identify what, if any, work Coakley & Williams directed USM to perform or complete.

USM's opposition to Coakley & Williams' motion for a stay of proceedings ignores the fundamental tenet of the stay request—*i.e.,* to avoid duplicative litigation and unnecessary expense and burden to all parties involved in the Navy Project. See, e.g., Nat'l Shopmen Pension Fund, et al. v. Folger Adam Sec., Inc., 274 B.R. 1, 3 (D.D.C. 2002) ("[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). USM has claimed no prejudice whatsoever to a temporary stay, arguably because none exists. In the state action, USM has the ability to seek discovery and illicit witness testimony at trial, including testimony regarding Coakley & Williams' backcharges and, in fact, USM has already taken the deposition of a Coakley & Williams' representative.

If anything, a temporary stay would allow USM to pursue its claims against Limbach and Limbach's sureties (the real parties at interest) with two potential outcomes: (1) If Limbach were to prevail in the state lawsuit with a finding that no additional amounts were due and owing to USM, then the present claims against Coakley & Williams would most likely fail; or (2) If USM were to prevail in the state lawsuit with a finding that Limbach and its sureties were liable to USM for additional compensation, then the issues in this action would be likely narrowed. Under either scenario, a stay would serve the best interests of judicial economy by streamlining the present action.

In the state lawsuit, USM and Limbach have conducted extensive discovery, which has been closed now for five months. Even if those parties are unable to resolve their disputes at a mediation currently scheduled at the end of January 2006, pretrial in the state lawsuit is scheduled for February 1, 2006. Even if the outcome of the state lawsuit does not resolve all issues relating to claims in this action, resolution of the state court proceedings will either resolve this dispute or likely narrow the parameters of this action. Under these circumstances, a temporary stay pending resolution of the parallel state action is proper and appropriate.

## **CONCLUSION**

For the foregoing reasons, the Court should enter an order staying this suit pending the resolution of the litigation in *United Sheet Metal, Inc. v. EFS XI, Inc. (d/b/a PBM Limbach Group, PBM Limbach Group-Mechanical and Limbach Company), Limbach Company LLC, et al.*, Case No. 0004942-4, and order any further relief deemed proper and just.

**DATED:** January 17, 2006.

        Respectfully Submitted,


        _____/s/_____
        Owen J. Shean (D.C. No. 412588)
        Simon J. Santiago (D.C. No. 461742)
        Matthew J. DeVries (D.C. No. 479880)
        WICKWIRE GAVIN, P.C.
        8100 Boone Boulevard, Suite 700
        Vienna, Virginia  22182
        Tel: (703) 790-8750
        Fax: (703) 448-1801
        Email: mdevries@wickwire.com

        *Counsel for Coakley & Williams &*
        *American Home Assurance Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendants' Reply Memorandum in Support of Motion to Stay was mailed on this 17th day of January, 2006 to:


        Roger Jones, Esq.
        Nicole Campbell, Esq.
        HUDDLES JONES SORTEBERG
          & DACHILLE, P.C.
        10211 Wincopin Circle, Suite 200
        Columbia, Maryland 21044
        Tel: (301) 621-4120
        Fax: (301) 621-4473
        ***Counsel for United Sheet Metal***


        _____/s/_____
        Matthew J. DeVries

## THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

**RECEIVED**

January 3, 2006

JAN 11 2006

CASE NAME:   UNITED SHEET METAL INC Vs. EFS XI, INC. et al     WHITEFORD, TAYLOR, & PRESTON

CASE NO.     2004 CA 004942 B

The above-captioned Civil Actions case has been scheduled for Pretrial Conference on the date and time shown below. All parties shall appear before Judge PATRICIA A BRODERICK

HEARING DATE: Wednesday, February 01, 2006

TIME: 4:45 pm

LOCATION:   500 Indiana Avenue N.W.
            Courtroom 112
            WASHINGTON, DC 20001

**PLEASE BRING THIS NOTICE WITH YOU WHEN YOU APPEAR.**

Civil Division



D. C. Superior Court
500 Indiana Avenue, N.W.
Room JM-130
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

Mr ROBERT F CARNEY
WHITEFORD, TAYLOR & PRESTON
7 SAINT PAUL ST
Baltimore, MD
                                21202

2004 CA 004942 B


EXHIBIT 1