UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>for the use and benefit of )<br>UNITED SHEET METAL, INC. )<br>    )<br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>COAKLEY & WILLIAMS )<br>CONSTRUCTION, INC. )<br>    )<br>and )<br>    )<br>AMERICAN HOME ASSURANCE CO. )<br>    )<br>    Defendants. )<br>_____) | Case No.: 1:05CV01199<br>Judge: Reggie B. Walton<br><br>ORAL HEARING REQUESTED |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COUNT II OF THE COMPLAINT**

Defendants Coakley & Williams Construction, Inc. and American Home Assurance Company have sought dismissal of Count II of the Complaint filed by United Sheet Metal, Inc. ("USM") because USM cannot plead both recovery for work performed pursuant to a valid existing contract <u>and</u> recovery for that same work under doctrines of quasi-contract.

While alternative pleading is certainly permitted, USM's Complaint is void of allegations that support recovery in unjust enrichment, quantum meruit, or restitution. Here, USM disregards a patent defect in its pleadings—it alleges that it performed work pursuant to a valid and enforceable contract (Complaint ¶¶ 8-10), while at the same time USM alleges a cause of action in quantum meruit (Complaint ¶¶ 21-28). The factual allegations of the existence and validity of an express contract are incorporated in USM's quantum meruit claim. (Complaint ¶

1

21).  Indeed, the case law is clear that quasi-contractual claims of unjust enrichment and quantum meruit are universally barred when there exists a valid contract governing the claims. See, e.g., County Commissioners v. J. Roland Dashiell & Sons, 358 Md. 83, 96, 747 A.2d 600, 607 (Md. 2000).  Only when the validity of the contract itself is in question can quasi-contract claims be heard.  Again, USM pleads no such facts in this case.

While the courts have allowed a plaintiff to plead a cause of action for quantum meruit in the alternative, there must be some basis to overlook the underlying contract.  For example, although USM attempts to analogize the facts of its Complaint to those in Sunworks Division of Sun Collector Corp. v. Insurance Co. of North America, 695 F.2d 455 (10th Cir. 1982), that decision provides an example of the circumstances that must exist before the court may consider quasi-contractual remedies.  In Sunworks, the first tier contractor abandoned the project and subsequently filed for bankruptcy protection shortly after Sunworks, its supplier, had delivered material to the project. See id. at 456-57.  In allowing Sunworks' quasi-contract claim to proceed, the court relied on Fidelity & Deposit Co. v. Harris, 360 F.2d 402 (9th Cir. 1996), where the subcontract at issue was declared void.  And since "[t]here was no contract … [the subcontractor] was entitled to compensation for the reasonable value [its work] on an implied contract." Id. at 408.

In the present case, USM makes no allegations directly or indirectly that support a claim that its subcontract with Limbach was abandoned or disregarded, such as in Sunworks, or that the subcontract was void or voidable, such as in Harris.  Nor is any justification alleged by USM that would allow the Court to disregard the terms of the valid and enforceable agreement between USM and Limbach.  Again, in both the State Litigation pending against Limbach, and in

the present action against Coakley & Williams and its surety, USM alleges the Sub-subcontract is valid, enforceable, and provides the basis for recovery.

Next, USM attempts to revive its quasi-contractual claims against Coakley & Williams by suggesting that its claims "may not come directly within the scope of the HVAC Sub-subcontract." (Opposition at 6).  However, there are no allegations whatsoever that USM's claims are not within the scope of the Limbach-USM Sub-subcontract.  In its Complaint, USM alleges the existence of an express subcontract agreement with Limbach (Complaint ¶ 8).  USM has asserted that it performed work on the Navy Project for Limbach and that Limbach failed to pay USM for the work performed. (Complaint ¶ 9).  Finally, USM has asserted that it performed additional work for Limbach and sustained additional impact and delay damages. (Complaint ¶ 10).  Moreover, the terms of the contract provide remedies to USM for the alleged nonpayment, changes, additional work and delays experienced the project.  However, USM's suggestion in its Opposition Brief that its monetary claims "may" not be covered by a valid contract is simply insufficient to create an independent cause of action for quantum meruit.

USM relies on Mariana v. Piracci Construction Co., 405 F.Supp. 904 (D. D.C. 1975) for the proposition that a subcontractor can recover in a Miller Act claim for increased costs caused by delays which were not attributable to the subcontradctor.  However, even USM recognizes that Mariana did not involve a separate quantum meruit claim.  Nor did Mariana involve allegations that an express contract provided relief, as USM has asserted in its Complaint.

Finally, USM argues that CJC Inc. v. Western States Mechanical Contractors, 834 F.2d 1533, 1539 (10 Cir. 1987) allows a Miller Act subcontractor to seek recovery under the alternative causes of action for breach of contract and in quantum meruit.  But USM omits from

3

its discussion of the CJC decision the factual circumstances that allowed recovery in quasi-contract. There, the subcontractor recovered in quantum meruit because the underlying subcontract had been wrongfully terminated by the prime contractor. See id. at 1537; see also Wunderlich Contracting Co. v. United States, 240 F.2d 201, 204-05 (10th Cir.) (quantum meruit allowed because a *subcontract was voided*); Southern Painting Co. of Tenn. v. United States, 222 F.2d 431, 433-34 (10th Cir. 1955) (noting that a *wrongfully terminated* subcontractor "*has the option to forego any suit on the contract* and claim only the reasonable value of his performance"). CJC, like Sunworks, illustrates that a contract cannot co-exist with quasi-contractual remedies.

"There is, of course, no need to resort to [quasi contract] when the evidence sustains the existence of a true contract, either express or implied in fact." Bloomgarden v. Coyer, 479 F.2d 201, 210 (D.C. Cir. 1973). In this case, USM does not allege any facts, nor can any be inferred from the allegations in the Complaint, that its subcontract with Limbach is void, voidable, subject to rescission or can be regarded as such. The existence and acknowledged validity of that contract limits USM to recovery under its terms and forecloses any action in quasi-contract.

## CONCLUSION

For the foregoing reasons, Defendants Coakley & Williams and American Home respectfully request that the Court dismiss Count II of the Complaint and award any further relief that may be just and proper.

**DATED:** January 17, 2006.

//

//

          Respectfully Submitted,

          _____/s/_____
          Owen J. Shean (D.C. No. 412588)
          Simon J. Santiago (D.C. No. 461742)
          Matthew J. DeVries (D.C. No. 479880)
          WICKWIRE GAVIN, P.C.
          8100 Boone Boulevard, Suite 700
          Vienna, Virginia  22182
          Tel: (703) 790-8750
          Fax: (703) 448-1801
          Email: mdevries@wickwire.com

          ***Counsel for Coakley & Williams &***
          ***American Home Assurance Co.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Reply Memorandum in Support of Motion to Dismiss Count II was mailed on this 17th day of January, 2006 to:

          Roger Jones, Esq.
          Nicole Campbell, Esq.
          HUDDLES JONES SORTEBERG
            & DACHILLE, P.C.
          10211 Wincopin Circle, Suite 200
          Columbia, Maryland 21044
          Tel: (301) 621-4120
          Fax: (301) 621-4473
          ***Counsel for United Sheet Metal***


          _____/s/_____
          Matthew J. DeVries